ANA GARCÍA, ETC., Plaintiff and Appellee, *v.* FERNANDO ACEVEDO, Defendant and Appellant.

No. 11126. Argued March 1, 1955.—Decided August 16, 1955.

---

*E. Martínez Rivera* and *E. Martínez, Jr.* for appellant. *José E. Bosch Roqué* and *Luis Archilla Laugier* for appellee.

Mr. Chief Justice Snyder delivered the opinion of the Court.

Ana García, as the mother with *patria potestas* over the minor Juana García, filed a suit in the then District Court against Fernando Acevedo for filiation and support. This is the third time the case has reached this Court. In a certiorari proceeding we upheld the action of the former District Court in ordering that the claim for support be tried separately and ahead of the filiation claim which was joined with the claim for support. *Acevedo* v. *District Court,*

70 P.R.R. 89. The case was accordingly tried in the then District Court *solely as to the claim for support*. The trial court entered a judgment in favor of the defendant.

On appeal we reversed this judgment in a *per ccuriam* opinion, dated December 21, 1951. *García* v. *Acevedo*, No. 10382, Suit for Support. The reversal arose out of the following facts: The defendant filed an answer addressed exclusively to the claim for support. The answer included a special defense that the plaintiff could not sue anyone for support except Augusto Rolón to whom, according to the defendant, Ana García was still married when the minor was born in 1931. In addition, the trial court permitted the defendant during the trial—after amending his answer—to present a photostatic copy of the sworn statement made by the mother and by Julián Figueroa when they were being married in 1939 in which Figueroa stated "that the contracting party and I had five (5) children named *Juanita*, Juanito, Julio, Paquita and Ramón Luis, whom we now legitimate" (italics ours), and in which the mother swore that what Figueroa had stated was the truth. In our *per curiam* opinion we rejected the contention of the plaintiff that the trial court had erred in permitting the defendant to amend his answer to that effect and in admitting this ·testimony. We also disagreed with the plaintiff that the defendant could not make the inconsistent defenses that the minor was the legitimate child of Rolón by the first marriage and in the alternative the legitimated child of Figueroa by the second marriage. However, we held that the trial court erred in rejecting the testimony of Figueroa as to whether he was in fact the father of Juana, whom he and the mother purported to legitimate when they were married. And we remanded the case for a new trial.

At the new trial the parties stipulated that the Superior Court should decide the case on the transcript made at the previous trial, plus the testimony of Figueroa which had

been excluded at the first trial. *Nothing was said about the filiation claim.* Subsequently, the trial court entered findings of fact and conclusions of law in which it stated: "This case is entitled 'Filiation and Support' but what we are now deciding is not the Filiation but rather the suit for support."

The said findings and conclusions go on to read as follows:

"We are convinced that the minor Juana García was legitimated by Julián Figueroa without her being his child. In marrying Ana García, Julián Figueroa not only complied with his duty to legitimate his own children, but also had no objection to giving his name to a child whom he knew was not his.

"It is also our deep conviction that this minor named Juana García is the product of sexual relations between the defendant Acevedo and Ana García. For that reason we say that Fernando Acevedo as the father of the minor Juana García has the moral and legal obligation to support her. In addition, the court having found as a fact that the minor Juana García is the daughter of Fernando Acevedo, as a matter of law, she has the right to bear her father's name. Consequently, the judgment in this case will also provide that the girl known as Juana García or Juana Figueroa, born in Bayamón on July 11, 1931, shall be recorded in the Bureau of Vital Statistics with the name of Juana Acevedo, daughter of Fernando Acevedo and Ana García."

In its judgment the trial court (1) required Acevedo to pay Ana García for the support of the minor $20 weekly from the date of the filing of the complaint; (2) provided that the child be registered in the Bureau of Vital Statistics of Bayamón as the daughter of Fernando Acevedo and Ana García; and (3) awarded the costs and $300 attorney's fees to the plaintiff.

■■ The first assignment is that the trial court erred in denying a motion for summary judgment as to filiation. Here the defendant contends that the documents submitted by him in support of his motion show that the divorce of Ana García and Augusto Rolón in 1930 was null and void and that in any event the minor was born within 300 days of

the dissolution of the marriage. However, as we have seen, only the support claim was tried in the Superior Court. The order of the latter denying the motion for summary judgment is not appealable and in fact was not appealed from. The question raised by the motion for summary judgment is therefore not before us. *Rodríguez v. Ramos*, 73 P.R.R. 6.

■ As we have seen, the trial in the Superior Court involved only the claim for support. And at that trial the defendant offered no evidence to substantiate his special defense—which was included in the answer to the support claim—that the mother was still married to Rolón when the minor was born. The trial court therefore likewise committed no error on that question insofar as it might affect the claim for support.[1]

■ Errors two, three and four relate to the admission in evidence of the testimony of the mother and Figueroa to

---

[1] In his motion for summary judgment *as to the filiation claim*, the defendant contended (1) that the sworn statement of Ana García on which the order for service by publication was based was defective because the oath was administered by the Secretary of the then Municipal Court of Bayamón, (2) that the facts in the sworn statement were insufficient on which to base an order for service by publication, and (3) that the divorce was not final because Rolón was never notified thereof. As noted in the text of this opinion, we do not reach these contentions—or the possible answers thereto—as the filiation case is not before us.

If the defendant had offered any testimony *at the trial of the support claim* purporting to show that the divorce obtained by the mother from Rolón was void, we would then be required to determine if the defendant was entitled to make such a collateral attack on the divorce within the claim for support. In addition, even if such an attack were possible and even if the defendant had proved that the divorce was void, we would then be faced with the question of whether the minor was presumptively the legitimate daughter of Rolón under §§ 113 and 116 of the Civil Code and who could attack this presumption. *Cf. Agosto v. Javierre*, 77 P.R.R. 444; *De Jesús v. Abbott*, 77 P.R.R. 488, 493, footnote 1. In this connection, we note in passing: (1) the certified copy of the judgment of divorce—attached to the defendant's motion for a summary judgment as to the filiation claim—discloses that the mother obtained a divorce from Rolón on the ground of desertion; (2) in an affidavit accompanying the opposition of the plaintiff herein to the said motion for summary judgment, Rolón swore that he had been living in the New York apart from Juana García since 1926.

the effect that the minor was not in fact their child, despite their sworn statements when they married. In our *per curiam* opinion in No. 10382 we held that this testimony was admissible. For the reasons stated in our opinion, we adhere to that view.

■ The fifth and sixth assignments are in substance that the trial court erred in weighing the testimony of Figueroa and the mother. We do not find anything in that testimony which would enable us to say that the trial court should have rejected it.

■■ The seventh assignment is that the trial court erred "[i]n requiring the defendant to pay support to the plaintiff despite the fact that on the date of the trial, on April 8, 1953, and on the date of the judgment, on April 20, 1953, the plaintiff had reached her majority and as of July 11, 1952 she was emancipated and qualified to engage in an occupation; and in failing to apply the provisions of § 153 of the Civil Code."

It is true that the minor was born on July 11, 1931 and therefore reached her majority in 1952. But this question, raised for the first time by the defendant in this Court, was not called to the attention of the trial court prior to judgment. Even if it had been, the minor would have been entitled to support until she reached her majority. And whether the minor was entitled to support even after she became of age depends on the circumstances of the case. *Molini* v. *District Court*, 72 P.R.R. 884. For reasons to be hereinafter noted, that question will be determined on remand by the Superior Court.

■ In the eighth assignment the defendant complains of the action of the trial court in requiring him to pay support from the date of the filing of the complaint on December 2, 1948. We find no error in this respect. Section 147 of the Civil Code, 1930 ed., clearly requires such payment. *Rodríguez* v. *Morales*, 72 P.R.R. 34.

■ The ninth error is that the judgment "is contrary to the evidence and the applicable law." Under this assignment the defendant attacks the weighing of the evidence by the trial court. We think the evidence was sufficient to prove paternity. That is all that is required in order to justify a decision in favor of the minor plaintiff in a support case. *People* v. *Rodríguez*, 67 P.R.R. 688; *People* v. *López*, 67 P.R.R. 732; *Montañez* v. *Rodríguez*, 69 P.R.R. 808; *Armáiz* v. *Santamaría*, 75 P.R.R. 544.

■ Although the defendant makes no specific assignment to that effect, the trial court committed a clear error in ordering the recordation of Juana with the name of the defendant and giving her the right to use his name. That issue must be tried in connection with the filiation claim, which as already noted has not yet been submitted to the Superior Court. *Rodríguez* v. *Ramos*, *supra*. The judgment will be modified to so provide.

■ After the judgment herein had been appealed, the defendant filed a motion in the Superior Court on June 1, 1953 calling attention for the first time to the fact that the minor had come of age on July 11, 1952 and asking to be relieved of support. The trial court entered an order denying this motion, apparently on the ground that it had no jurisdiction while the case was pending here. The defendant appealed from this order. We agree that the trial court erred in refusing to pass on the defendant's motion. As a support order or judgment is always subject to modification on a showing that conditions have changed, the trial court has the power for proper reasons to modify its terms as to the future, despite the fact that an appeal therefrom is pending in this Court. See *Ortiz* v. *Viera*, 61 P.R.R. 495; *López* v. *Benítez*, 64 P.R.R. 270, and cases cited; *Valdés* v. *District Court*, 67 P.R.R. 288, 290, footnote 2; *Falcón* v. *Cruz*, 67 P.R.R. 496, 500; *Montañez* v. *Rodríguez*, *supra*; *Molini* v. *District Court*, *supra*. We shall therefore reverse the order of the Superior Court denying the motion of June

1, 1953 to modify the support judgment and direct it to determine whether under the circumstances the defendant should be required to continue to support Juana after June 1, 1953, the date he filed the motion asking to be relieved of the duty of supporting Juana. See *Molini* v. *District Court, supra; Rodríguez* v. *Morales, supra.*

The order of the Superior Court refusing to consider the motion of June 1, 1953 for modification of the judgment for support will be reversed. The judgment of the Superior Court for support will be affirmed, insofar as it provides (1) for support at $20 a week from December 2, 1948, the date of the filing of the complaint, until June 1, 1953, and (2) for costs and $300 as attorney's fees. The judgment will be modified (1) by eliminating the provision for recordation of Juana in the Bureau of Vital Statistics as the child of the mother and the defendant, and (2) by requiring the Superior Court to consider the question of support subsequent to June 1, 1953. As thus modified, the judgment will be affirmed, and the case remanded for the Superior Court (1) to determine what provision, if any, should be made for support of Juana by the defendant subsequent to June 1, 1953, and (2) to try the claim for filiation.

Mr. Justice Marrero did not participate herein.

Mr. Justice Sifre and Mr. Justice Pérez Pimentel dissented.